UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
GARY A. LAMOUREUX,                      :
RICHARD A. TERWILLIGER,
WORLD WIDE MEDICAL TECH, LLC,           :
ADVANCED CARE MEDICAL, INC.,
ADVANCED CARE PHARMACY, INC.,           :
ADVANCED CARE PHARMACY LLC, and
IDEAMATRIX, INC.,                       :

     Plaintiffs-Counterclaim            :
          Defendants,
                                        :   No. 3:03cv01382(WIG)
     vs.
                                        :
ANAZAOHEALTH CORP., f/k/a
GENESIS PHARMACY SVC., INC., d/b/a      :
CUSTOM CARE PHARMACY,
                                        :
     Defendant-Counterclaimant.
-----------------------------------X
```

## RULING ON DEFENDANT'S MOTION TO STRIKE [DOC. # 196]

Pursuant to Rule 12(f), Fed. R. Civ. P., defendant AnazaoHealth Corporation has moved to strike the amended reply [Doc. # 195] of Richard A. Terwilliger and IdeaMatrix, Inc. (collectively "the Terwilliger plaintiffs")[1] to defendant's amended counterclaim [Doc. # 192]. Defendant argues that plaintiffs were required to seek leave of court before filing this amended pleading, which made substantive changes to their previous reply and added twelve new affirmative defenses. The Terwilliger plaintiffs respond that they were required by Rule

---

[1] Throughout this litigation, the other four plaintiffs have been referred to collectively as the "World Wide plaintiffs."

1

15(a)(3) to file a reply to the amended counterclaim. Moreover, defendant was not prejudiced by this amended reply, which simply "cleaned up" the previous reply, provided specific responses for the Terwilliger plaintiffs rather than for the plaintiffs/counterclaim-defendants collectively, and did not materially change the scope of the litigation. Alternatively, they argue, if leave of court is required, they should be permitted to file a motion for leave to amend.

## Procedural History

Before reaching the merits of defendant's motion, a brief overview of the procedural history of this case is warranted. This patent infringement action was commenced by Gary Lamoureux, Richard Terwilliger, and World Wide Medical Technologies, LLC, on August 11, 2003, against Genesis Pharmacy Services, Inc. [Doc. # 1]. Genesis answered and asserted a counterclaim against the three plaintiffs [Doc. # 11]. Plaintiffs, who were represented by the same counsel, responded to the counterclaim and asserted two affirmative defenses [Doc. # 14]. On December 5, 2003, plaintiffs moved to amend their complaint to add two additional plaintiffs and one new count [Doc. # 17]. Leave of court was granted, but an amended complaint was not filed. On February 10, 2005, plaintiffs sought leave to file a corrected first amended complaint to reflect defendant's name change to AnazaoHealth Corporation, to add another plaintiff, IdeaMatrix, Inc., and to

2

reflect the U.S. Patent Office's granting of a Certificate of Correction, 35 U.S.C. § 254.  This corrected amended complaint [Doc. # 76] was filed on October 21, 2005.

After moving to dismiss portions of the amended complaint, AnazaoHealth then filed its first amended counterclaim on February 6, 2006 against all six plaintiffs [Doc. # 86].  The counterclaim set forth eleven counts against the various counterclaim-defendants: (1) declaratory judgment of non-infringement and invalidity against all counterclaim defendants; (2) tortious interference against Lamoureux, Terwilliger, World Wide, and the Advanced Care Pharmacy entities; (3) false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), against World Wide and the Advanced Care Pharmacy entities; (4) a second count of false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), against World Wide and the Advanced Care Pharmacy entities; (5) fraud against Lamoureux and World Wide; (6) common-law unfair competition against Lamoureux, Terwilliger, World Wide, and the Advanced Care Pharmacy entities; (7) violation of Connecticut's Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA"), against Lamoureux, Terwilliger, World Wide, and the Advanced Care Pharmacy entities; (8) breach of contract against World Wide; (9) breach of the covenant of good faith and fair dealing against World Wide; (10) breach of implied

contract against World Wide; and (11) unjust enrichment against World Wide.  Plaintiffs collectively responded to the amended counterclaim and asserted eight affirmative defenses [Doc. # 88].  On September 1, 2006, new counsel appeared for the Terwilliger plaintiffs, and shortly thereafter the original counsel moved to withdraw their appearance [Doc. # 101].

After AnazaoHealth's motion to dismiss was denied, on September 5, 2006, it filed an answer to the amended complaint [Doc. # 100], incorporating by reference its first amended counterclaim.  In response, plaintiffs simply incorporated by reference their previously filed reply to the first amended counterclaim [Doc. # 104] and simultaneously moved to strike AnazaoHealth's ninth affirmative defense [Doc. # 105].  On September 11, 2007, the Court granted plaintiffs' motion to strike [Doc. # 178] but allowed AnazaoHealth to replead the defense by specifying what conduct supported its claim that plaintiffs had engaged in inequitable conduct in the prosecution of the patent in suit.

AnazaoHealth then moved to amend its answer, affirmative defenses, and counterclaim [Doc. # 186] to comply with the Court's order and to add new affirmative defenses that had come to light since the filing of its answer in September 2007.  The motion was granted, and on November 16, 2007, AnazaoHealth filed its amended answer with sixteen affirmative defenses, and

4

incorporated the previously asserted counterclaim against all plaintiffs [Doc. # 192]. On December 6, 2007, the Terwilliger plaintiffs, now represented by separate counsel, filed their reply to this counterclaim [Doc. # 195], which addressed the claims as they pertained to Terwilliger and IdeaMatrix, as opposed to all plaintiffs, and asserted eighteen affirmative defenses. It is this pleading that defendant asks the Court to strike.

## Discussion

Rule 7(a), Fed. R. Civ. P., expressly allows for an answer to a counterclaim, and under Rule 15(a), Fed. R. Civ. P., a party has ten days to respond to an amended pleading. Thus, had the counterclaim been amended, there is no question that the Terwilliger plaintiffs would have been entitled to file an amended answer to the counterclaim as a matter of right without seeking leave of court.[2] However, in this case, the counterclaim was not amended. Defendant simply reasserted the previously

---

[2] The question of what parameters Rule 15(a)'s "in response to" language places on the ability of a party to file a response to an amended complaint or counterclaim has been discussed at length by this Court in Southern New England Telephone Co. v. Global NAPS, Inc., No. 3:04cv2075(JCH), 2007 WL 521162 (D. Conn. Feb. 14, 2007), MTA Metro-North R.R. v. Buchanan Marine, L.P., No. 3:05cv881(PCD), 2006 WL 3522936 (D. Conn. Dec. 8, 2006), and Uniroyal Chemical Co. v. Syngenta Crop Protection, Inc., No. 3:02cv2253(AHN), 2005 WL 677806 (D. Conn. Mar. 23, 2005). Those decisions, however, do not pertain to the issue in this case where the amended response was filed in response to a pleading that had not been amended.

5

filed counterclaim, which had already been answered by all of the plaintiffs, and, thus, the Terwilliger plaintiffs should have sought leave of court prior to filing an amended answer.

That conclusion, however, does not necessarily mean that their amended answer should be stricken in its entirety, as defendant urges. See Sapiro v. Encompass Insurance, 221 F.R.D. 513, 517-18 (N.D. Cal. 2004) (refusing to strike amended complaint where plaintiff failed to comply with requirements of Rule 15(a)). Rule 12(f), Fed. R. Civ. P., allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, but are within the district court's sound discretion. See FDIC v. Raffa, 935 F. Supp. 119, 123 (D. Conn. 1995); see generally 2 Moore's Federal Practice, § 12.37 (3d ed. 2007). Striking a pleading has been described as a "drastic remedy," and "[t]o prevail on a motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the [movant]." Id. at §§ 12.37[1] & 12.37[3] (internal citations and quotation marks omitted); see also First City Nat'l Bank & Trust Co. v. FDIC, 730 F. Supp. 501, 514 (E.D.N.Y. 1990).

Here, the amended answer serves the purpose of clarifying what responses and defenses are being asserted by the Terwilliger

6

plaintiffs as opposed to the World Wide plaintiffs.  While it is largely redundant of the answer previously filed, it does not contain any "immaterial, impertinent, or scandalous" matters.  Defendant asserts in the most general terms that the presence of the amended answer on the record is prejudicial, and that plaintiffs' failure to comply with the Rules is prejudicial.[3]  But, that is not the kind of prejudice that must be shown for a pleading to be stricken.  Contrary to defendant's general protestations, the twelve additional affirmative defenses raised in the amended reply, including failure to mitigate damages, offset, lack of injury to defendant, adequate remedy at law, no violation of CUTPA, and punitive damages are unconstitutional, are directly responsive to the various claims raised by defendant's counterclaim and do not expand the scope of this litigation.  Thus, the Court finds that defendant has failed to carry its burden of showing how it is prejudiced by this amended answer.  See Samuel v. Rose's Stores, Inc., 907 F. Supp. 159, 162 (E.D. Va. 1995) (refusing to strike amended complaint which exceeded scope of leave to amend but which did not change nature of claims nor prejudice defendant).

---

[3] Even if the Court were to strike the amended reply for failure to comply with Rule 15(a), it would do so without prejudice to plaintiffs' seeking leave to amend.  This would lead to the filing of additional motions, which would result in further delay and cause the parties to incur unnecessary legal expenses.

7

In their response to the motion to strike, the Terwilliger plaintiffs have requested, in the alternative, permission for leave to amend. Rule 15(a), Fed. R. Civ. P., provides that "leave shall be freely given when justice so requires." Again, this is a matter committed to the court's sound discretion. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Although this case has been pending for nearly five years, it is still in the pretrial stage, and, as noted above, plaintiffs' amendments do not materially change the scope of the litigation. If anything, most of the amended responses to the counterclaim help clarify the positions of the respective plaintiffs. There has been no showing by defendant of undue delay, bad faith or dilatory motive on the part of plaintiffs. See Foman v. Davis, 371 U.S. 178, 182 (1962); Sapiro, 221 F.R.D. at 517-18; Bell v. Executive Comm. of United Food & Commercial Workers, 191 F. Supp. 2d 10, 13 (D.D.C. 2002) (refusing to strike amended complaint filed without leave of court where defendants offered no real basis to conclude that it was served for the purpose of undue delay, in bad faith, or because of a dilatory motive, or as a result of a repeated failure to cure previous defects). The Court finds that leave to amend should be granted nunc pro tunc and will allow the Terwilliger plaintiffs' amended reply to the counterclaim.

## Conclusion

Accordingly, in the exercise of its sound discretion, the Court grants <u>nunc pro tunc</u> the Terwilliger plaintiffs' request for leave to amend their reply to defendant's amended counterclaim and denies defendant's motion to strike [Doc. # 196].

SO ORDERED, this      18th    day of April, 2008, at Bridgeport, Connecticut.

                                                                            /s/ *William I. Garfinkel*
                                                                       WILLIAM I. GARFINKEL
                                                                       United States Magistrate Judge