```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

GARY A. LAMOUREUX,                       :
RICHARD A. TERWILLIGER,                  :
WORLD WIDE MEDICAL TECHNOLOGIES,         :
LLC,
ADVANCED CARE MEDICAL, INC.,             :
ADVANCED CARE PHARMACY, INC.,            :
ADVANCED CARE PHARMACY LLC, and          :
IDEAMATRIX, INC.,
                                         :
     Plaintiffs-Counterclaim
         Defendants,                     :
                                             No. 3:03cv01382(WIG)
         vs.                             :

ANAZAOHEALTH CORP., f/k/a                :
GENESIS PHARMACY SERVICES, INC.,
d/b/a CUSTOM CARE PHARMACY,              :

     Defendant-Counterclaimant.          :
-----------------------------------X
```

RULING TAKING UNDER ADVISEMENT
DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER [DOC. # 340]
UNTIL THE SUBMISSION OF SUPPORTING EVIDENCE

Defendant, AnazaoHealth Corp., has filed an Emergency Motion for Protective Order [Doc. # 340], asking the Court (1) to direct the World Wide Plaintiffs (Plaintiffs Gary A. Lamoureux, World Wide Medical Technologies, LLC, Advanced Care Medical, Inc., Advanced Care Pharmacy, Inc., and Advanced Care Pharmacy LLC) to comply with the terms of a Protective Order [Doc. # 252]; (2) to prohibit counsel from disclosing the AnazaoHealth-related information published at Tab A to Plaintiffs' Damages Analysis in a manner that is inconsistent with AnazaoHealth's "confidential" designation of that material; (3) to direct counsel to retrieve

1

the information to the extent that it has been disseminated; and (4) to report to the Court on the nature and extent to which the information at issue has been disclosed to any person other than counsel of record in this matter. Defendant also seeks to recover the costs of bringing this motion.

Tab A to the Damages Analysis is reported to be a two-page "damage methodology" containing detailed financial information concerning AnazaoHealth that Defendant maintains was derived from AnazaoHealth's "confidential" information. AnazaoHealth has attempted to designate Plaintiffs' "Tab A" as "confidential" under the terms of the Protective Order, but Plaintiffs have refused to honor this designation, contending that this is a designation that can be made only by the producing party, i.e., the World Wide Plaintiffs, not the receiving party.[1] Moreover, they claim that the data and information in Tab A was of their own creation and that Defendant cannot prevent the World Wide principals and their damages experts from viewing this information. As to the source of the data, they claim that it was based upon Plaintiffs' "competitive analysis of the market

---

[1] While it is true that the World Wide Plaintiffs are the "producing party" with respect to Tab A and are the party that in the ordinary course would decide whether to designate the document as "confidential," to the extent that this data was taken from AnazaoHealth's confidential documents, AnazaoHealth had the right to seek to protect the disclosure of this data either through asking Plaintiffs to designate it as "confidential" or by applying to this Court for a protective order.

and other sources" and was not derived from Defendant's "confidential" documents under the Protective Order.

The only documents attached to either the Defendant's Emergency Motion or the Plaintiffs' Response are copies of e-mails essentially reiterating the arguments made by counsel in their memoranda.

Based on the information provided to the Court, the Court cannot rule on the merits of the motion.  Neither side has provided the Court with "Tab A," which easily could have been provided under seal.  AnazaoHealth has provided no documents or sworn affidavits to support its claim that the data set forth in Tab A was taken from its "confidential" documents.  Likewise, the World Wide Plaintiffs have provided no documentation to support their alleged source of this data.

Accordingly, the Court will take this Motion under advisement for a period of one week to allow both sides to supplement their memoranda with supporting exhibits and sworn affidavits.  These should be presented to the Court in the most concise and succinct manner possible.[2]  To the extent that they

---

[2] For example, if Defendant maintains that the data in Tab A came from 1,000 pages of documents it produced, Defendant should reference in a sworn affidavit the specific data taken from specific pages of the documents produced.  If necessary, specific pages can be attached, but the Court does not intend to look through thousands of pages of documents for the proverbial "needle in the hay stake."  If the parties need further guidance in this regard, they may contact Chambers.

contain "confidential" information, they should be filed under seal.  In the interim, Plaintiffs have agreed to treat this information as "confidential."  The Court orders them to continue to do so until further order of the Court on the Emergency Motion for Protective Order and to advise the "World Wide principals and damages experts" or anyone else to whom the information has already been disclosed to do likewise.  If nothing is filed by either side by January 29, 2009, the Court will enter an order denying the motion.

    SO ORDERED, this ___21st_ day of January, 2009, at Bridgeport, Connecticut.

                                         _/s/ William I. Garfinkel_
                                        WILLIAM I. GARFINKEL
                                        United States Magistrate Judge