UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GARY A. LAMOUREUX,                    :
RICHARD A. TERWILLIGER,
WORLD WIDE MEDICAL TECHNOLOGIES,      :
LLC,
ADVANCED CARE MEDICAL, INC.,          :
ADVANCED CARE PHARMACY, INC.,
ADVANCED CARE PHARMACY LLC, and       :
IDEAMATRIX, INC.,
                                      :
     Plaintiffs-Counterclaim
          Defendants,                 :
                                                No. 3:03cv01382(WIG)
          vs.                         :

ANAZAOHEALTH CORP., f/k/a             :
GENESIS PHARMACY SERVICES, INC.,
d/b/a CUSTOM CARE PHARMACY,           :

     Defendant-Counterclaimant.    :
----------------------------------X

RULING ON DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Defendant, AnazaoHealth Corp., filed an Emergency Motion for Protective Order [Doc. # 340], asking the Court (1) to direct the World Wide Plaintiffs (Plaintiffs Gary A. Lamoureux, World Wide Medical Technologies, LLC, Advanced Care Medical, Inc., Advanced Care Pharmacy, Inc., and Advanced Care Pharmacy LLC) to comply with the terms of a Protective Order [Doc. # 252]; (2) to prohibit counsel from disclosing the AnazaoHealth-related information published at Tab A to Plaintiffs' Damages Analysis in a manner that is inconsistent with AnazaoHealth's "confidential" designation of that material; (3) to direct counsel to retrieve the information to the extent that it has been disseminated; and

1

(4) to report to the Court on the nature and extent to which the information at issue has been disclosed to any person other than counsel of record in this matter.  Defendant also seeks to recover the costs of bringing this motion.

The Court previously issued a ruling taking this motion under advisement because neither side had provided the Court with adequate supporting documentation.  The parties were given one week to supplement their filings.

In response to this ruling, Defendant AnazaoHealth has provided a lengthy affidavit from its attorney Patrick Fahey with supporting affidavits and documents explaining the basis for its contention that the World Wide Plaintiff's "damage methodology" set forth at Tab A to their Damages Analysis was derived from confidential financial data provided by AnazaoHealth.  The World Wide Plaintiffs have simply provided a one paragraph joint affidavit from Gary Lamoureux and James Matons stating that:

> The estimates and assumptions contained in the World Wide Plaintiffs' Damages Methodology ("Tab A"), are based on the World Wide Plaintiffs' competitive analysis of the market and other sources.  We were not provided access to any of defendant's "Confidential" documents under the protective order in order to provide assistance to counsel regarding Tab A.

No supporting documentation is attached to this Affidavit nor is any further explanation offered concerning their "competitive analysis of the market and other sources."

Aside from the fact that the World Wide Plaintiffs have provided nothing to support this broad, generalized statement that their figures came from a competitive analysis of the market and other unnamed sources, the Court is convinced, after carefully reviewing the documents provided by AnazaoHealth and comparing their figures to those set forth in Tab A, that most, if not all, of the data in Tab A was derived from AnazaoHealth's confidential financial documents.  Plaintiffs' "estimated Anazao Brachy revenues" correlate too closely to AnazaoHealth's actual figures to be merely coincidental, although as AnazaoHealth points out, its numbers represent total revenues from its brachytherapy business and not just from the sales of allegedly infringing products and, thus, would not be appropriate references for damage analyses in this case.

Additionally, Mr. Lamoureux testified under oath that he was not a damages model expert, that he had not performed a damage analysis, that an independent economist would have to be hired to do so, and that some of the work on the damages model had been done internally by the attorneys.  (Depo. at 930, 933).  Yet, he was identified by Plaintiffs as one of two expert witnesses concerning damages in this case.  (World Wide Plaintiffs' Disclosure of Expert Witnesses at 1).  The other damages expert and affiant, James Matons, served as president of Advanced Care Medical, Inc., and was a consultant to World Wide Medical

3

Technologies LLC and Advanced Care Pharmacy LLC.  He, too, is identified as a damages expert, but provides no evidence to support his bald assertion that these figures were derived from his competitive analysis of the market and other unnamed sources. Id.

The information provided to the Court leads to only one conclusion - that the figures in Tab A came from AnazaoHealth's confidential documents.  Accordingly, the Court GRANTS Defendant's Motion for a Protective Order and hereby designates the damages analysis, Tab A, as "CONFIDENTIAL" under the terms of the Protective Order and orders counsel to comply with that Order in terms of the dissemination of this information.  To the extent that this information has been disseminated to anyone in violation of that Protective Order, Plaintiffs' counsel should immediately advise defense counsel to whom it has been disseminated, retrieve that information, and take steps to ensure that the persons to whom it has been disseminated protect its confidentiality.

Defendant's request for an award of reasonable costs and attorney's fees in bringing this motion is also GRANTED.  Defense counsel shall submit to the Court a fee affidavit within ten (10) days of the date of this ruling.  Plaintiffs shall have seven (7) days to file opposition, if any, to the fees and costs requested. No further briefing of the issue will be allowed.

4

SO ORDERED, this __19th__ day of February, 2009, at

Bridgeport, Connecticut.


                              _/s/ William I. Garfinkel_____
                              WILLIAM I. GARFINKEL
                              United States Magistrate Judge