```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

GARY A. LAMOUREUX,                    :
RICHARD A. TERWILLIGER,               :
WORLD WIDE MEDICAL TECHNOLOGIES,      :
LLC,
ADVANCED CARE MEDICAL, INC.,          :
ADVANCED CARE PHARMACY, INC.,
ADVANCED CARE PHARMACY LLC, and       :
IDEAMATRIX, INC.,
                                      :
     Plaintiffs-Counterclaim
          Defendants,                 :
                                            No. 3:03cv01382(WIG)
          vs.                         :

ANAZAOHEALTH CORP., f/k/a             :
GENESIS PHARMACY SERVICES, INC.,
d/b/a CUSTOM CARE PHARMACY,           :

     Defendant-Counterclaimant.       :
-----------------------------------X
```

RULING ON THE WORLD WIDE PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs Gary A. Lamoureux, World Wide Medical Technologies, LLC, Advanced Care Medical, Inc., Advanced Care Pharmacy, Inc., and Advanced Care Pharmacy LLC (collectively "the World Wide Plaintiffs")[1] have moved for reconsideration [Doc. # 427] as to two claim terms that were the subject of this Court's Claim Construction Opinion issued on November 5, 2009. The two terms as to which they seek reconsideration are "biodegradable" in Claims 3 and 10 of U.S. Patent No. 6,554,760 ("the '760 Patent"), and "mechanical distortion" in Claim 21 of the '760

---

[1] Plaintiffs Richard Terwilliger and Ideamatrix, Inc., have taken no position on the Motion for Reconsideration.

1

Patent.  Defendant AnazaoHealth Corporation has opposed the motion on the ground that it is procedurally improper for this Court to consider this motion, as Plaintiffs have not met the stringent standards required for reconsideration.  Defendant, however, has not addressed the substantive merits of Plaintiffs' motion, other than to the extent that they were addressed in its original briefs.

As Defendant correctly notes, and as Plaintiffs acknowledge, the standard for a motion for reconsideration is strict.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Lamoureux v. AnazaoHealth Corp., 2009 WL 813977, at *4 (D. Conn. March 26, 2009).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader, 70 F.3d at 257.  Thus, "the function of a motion for reconsideration is to present the Court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence."  Nationwide Mut. Ins. Co. v. Mortensen, No. 3:00-cv-1180, 2009 WL 5066783, at *1 (D. Conn. Dec. 16, 2009) (internal quotation marks and citations omitted).

In the instant case, the Court finds that reconsideration is warranted.  With respect to the Court's construction of the term "biodegradable," the Court finds that reconsideration is

appropriate to correct a factual matter that the Court overlooked.  With respect to the Court's construction of "mechanical distortion," the Court finds that reconsideration is necessary to address an error of law.

1.  "Biodegradable"

The Court construed the term "biodegradable" in Claims 3 and 10 as "capable of being broken down in the human body by the action of microorganisms."  Plaintiffs convincingly argue that there is nothing in the '760 Patent that limits degradation to actions of microorganisms in the human body.  Indeed, even the dictionary definitions on which the Court relied do not so limit the term.  Dorland's Illustrated Medical Dictionary defines "biodegradable" as "susceptible of decomposition by natural biological processes, as by the action of bacteria, plants, animals, etc."  Id. at 198.  Merriam-Webster's Collegiate Dictionary, cited by Defendant (Def.'s Mem. at 21) and relied upon by the Court, defines "biodegradable" as "capable of being broken down especially into innocuous products by the action of living things (as microorganisms)."  Id. at 114 (10th ed. 1996).  As Plaintiffs point out, both of these definitions indicate that action by microorganisms is illustrative of only one method of biodegradation.  Other dictionary definitions are in accord.  For example, the American Heritage Medical Dictionary (2007) defines "biodegradable" as "capable of being decomposed by biological

agents, especially bacteria," and <u>Dorland's Medical Dictionary for Health Consumers</u> (2007) defines it as "susceptible of degradation by biological processes, as by bacterial or other enzymatic action."[2]

While it is clear from the '760 Patent that the goal of the patented device is to place radioactive seeds in the human body for the treatment of cancer, the Patent does not limit the method of biodegradation to the action of microorganisms, so long as the biodegradation occurs in the body.  Thus, the Court agrees with Plaintiffs that its original construction was too narrow and adopts instead the construction now advanced by Plaintiffs that includes other natural biological processes.  On reconsideration, the term "biodegradable" in Claims 3 and 10 is construed as "capable of being broken down in the human body by natural biological processes."[3]

2.  "Mechanical Distortion"

In its original Claim Construction Ruling, the Court found that a person of ordinary skill in the art would understand the phrase "mechanical distortion" in Claim 21 to mean "by physical

---

[2]  <u>http://medical-dictionary.thefreedictionary.com/biodegrade.</u>

[3] Defendant objects to the Court's consideration of the scientific articles attached to Plaintiffs' memorandum, since these exhibits were not listed as exhibits on Plaintiffs' Exhibit List for the <u>Markman</u> Hearing.  The Court has not considered this extrinsic evidence in its ruling on reconsideration and, therefore, need not rule on this issue raised by Defendant.

processes directed at the cannula." Although Plaintiffs concede that the Court's construction of "physical processes" is consistent with their proposed definition of "changing the diameter with the assistance of tools, fixtures, devices or machinery," they maintain that the Court improperly imported a limitation from the specification by requiring that these physical processes be directed at the cannula. (Pls.' Mem. at 5.) Instead, they ask the Court to include physical processes directed at the cannula and/or the plug. Id. at 6.

The primary focus of the original briefs was on what constituted a mechanical process and whether biological and chemical processes had to be expressly excluded. Defendant also argued that it was clear from the Specification that the "mechanical distortion" was a distortion of the cannula, which provides that the "cannula may be infinitesimally distorted externally to cause it to 'shrink' in the area of the plug and therefore hold the plug in position," (col. 4, ll. 13-16), and refers to "minute distortions of the cannula" (col. 4, ll. 64-67).

Plaintiffs, however, cite to the Summary of Invention, which states that "holding the biocompatible end plug in place inside the cannula . . . may be accomplished by modifying the diameter of the plug by mechanical distortion means" (col. 2, ll. 52-57) (emphasis added). Indeed, Claim 21 itself refers to modifying

the diameter of the plug by mechanical distortion (col. 6, ll. 64-65).

The Court concedes that its earlier construction improperly read a limitation from the Specification into the claim, in contravention of the holding of Phillips v. AWH Corp., 415, F.3d 1303, 1323 (Fed. Cir. 2005)(en banc). Accordingly, upon reconsideration, the Court adopts the construction now proposed by Plaintiffs of "mechanical distortion," that is "by physical processes directed at the cannula and/or the plug."

## Conclusion

Plaintiffs' Motion for Reconsideration [Doc. # 427] is GRANTED. Upon reconsideration, the Court's Claim Construction Ruling is amended in the following respects:

> The term "biodegradable" in Claims 3 and 10 is construed as "capable of being broken down in the human body by natural biological processes." Thus, Claim 3 will now read:[4]
>
>> 3. An assembly as claimed in claim 1 wherein the line of elements is encapsulated in a biodegradable material [that is, a line of anything intended for use in brachytherapy, including radioactive seeds and/or spacers, which are encapsulated in a material capable of being broken down in the human body by *natural biological processes*], the seeds [or radioactive sources] being held in spaced relation [that is, set apart a particular distance from one another]

---

[4] Italics have been added to indicate the revisions that have been made.

>    by the <u>biodegradable</u> material [that is material
>    capable of being broken down *in the human body* by
>    the action of *natural biological processes*].

Claim 10 now reads:

>    10.  An assembly as claimed in claim 9
>    wherein the <u>line of elements is encapsulated in a
>    biodegradable material</u> [that is, a line of
>    anything intended for use in brachytherapy,
>    including radioactive seeds and/or spacers, which
>    are encapsulated in a material capable of being
>    broken down in the human body by the action of
>    *natural biological processes*], <u>the seeds</u> [or
>    radioactive sources] being held in <u>spaced relation</u>
>    [that is, set apart a particular distance from one
>    another] by the <u>biodegradable</u> material [material
>    capable of being broken down *in the human body* by
>    the action of *natural biological processes*].

The phrase "mechanical distortion" in Claim 21 is now construed to mean "by physical processes directed at the cannula and/or the plug." Thus, Claim 21 now reads:

>    21.  A method as claimed in claim 18 wherein
>    the diameter of the plug is modified by <u>mechanical
>    distortion</u> [that is, by physical processes
>    directed at the cannula *and/or the plug*].

In accordance with the previously issued Scheduling Order, dispositive motions are due thirty (30) days from the date of this ruling.

SO ORDERED, this ___22nd___ day of January, 2010, at Bridgeport, Connecticut.

>                            ___/s/ *William I. Garfinkel*___
>                            WILLIAM I. GARFINKEL
>                            United States Magistrate Judge