UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY A. LAMOUREUX, | : | |
| RICHARD A. TERWILLIGER, | | |
| WORLD WIDE MEDICAL TECHNOLOGIES, LLC, | : | |
| ADVANCED CARE MEDICAL, INC., | : | |
| ADVANCED CARE PHARMACY, INC., | | |
| ADVANCED CARE PHARMACY LLC, and | : | |
| IDEAMATRIX, INC., | | |
| | : | |
| Plaintiffs-Counterclaim Defendants, | : | No. 3:03cv01382(WIG) |
| vs. | : | |
| ANAZAOHEALTH CORP., f/k/a | : | |
| GENESIS PHARMACY SERVICES, INC., | | |
| d/b/a CUSTOM CARE PHARMACY, | : | |
| Defendant-Counterclaimant. | : | |
-------------------------------------------------------------X

Ruling on Motion to File Corrected Declaration [Doc. # 525]

Defendant, AnazaoHealth Corporation, has filed two motions to strike [Doc. ## 475 and 504] directed at affidavits and documents submitted by Plaintiffs in opposition to Defendant's motion for summary judgment. In response to one of Defendant's arguments that the affidavits of Plaintiffs' experts, Peter Sanchez, Howard Jordi, and Gary Lamoureux, did not comply with the requirements of 28 U.S.C. § 1746, Plaintiffs seek leave to file corrected declarations [Doc. # 525]. Defendant objects to this motion on the grounds that the motion is an inappropriate and untimely attempt to file a sur-reply brief and that the amended declarations do nothing to alter the inadmissibility of the expert reports.

To be admissible in a summary judgment proceeding, an affidavit must be sworn to

1

before an officer authorized to administer oaths, such as a notary public. See Pheil v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985). Alternatively, however, under 28 U.S.C. § 1746, an unsworn declaration, which is dated and signed by the declarant "under penalty of perjury," and verified as "true and correct," may be used in lieu of a sworn affidavit.

    Section 1746 of Title 28 provides in relevant part:

> Whenever, under any law of the United States or under any rule, regulation, order or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . . .
>     (2) If executed within the United States . . .: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>                              (Signature)".

The affidavits of Sanchez, Jordi, and Lamoureux originally submitted by Plaintiffs did not contain this language. Instead, the affidavits were "[s]ubscribed under penalties of false statement," dated, and signed. Plaintiffs now seek leave to file a declaration of each affiant declaring "under penalty of perjury that the foregoing [attached affidavit] is true and correct."

    Although the Court has not been able to find a case directly on point, the Court's review of relevant case law indicates that courts generally have exhibited a degree of flexibility in dealing with evidence used in a summary judgment proceedings, particularly when the evidence has been submitted by a party opposing a motion for summary judgment. See Shepard v. Frontier Communications Servs,, Inc., 92 F. Supp. 2d 279, 284 (S.D.N.Y. 2000) (allowing

2

plaintiff to submit supplemental signed affidavit where copy served on defense counsel had not been signed); Brady v. Blue Cross and Blue Shield of Texas, Inc., 767 F. Supp. 131, 136 (N.D. Tex. 1991) (granting leave to file supplemental evidence in compliance with Rule 56, Fed. R. Civ. P.); State of Louisiana v. United States, 656 F. Supp. 1310, 1314 (W. D. La. 1986), aff'd, 832 F.2d 935 (5th Cir.), reh'g denied, 836 F.2d 1346 (5th Cir. 1987), cert. denied, 485 U.S. 1033 (1988) (holding that literal compliance with Rule 56(e) was not required where all of the evidence had previously been produced); New York State Energy Research & Dev. Auth. v. Nuclear Fuel Servs., Inc., 561 F. Supp. 954, 960 (W.D.N.Y. 1983) (allowing supplemental affidavit to cure deficiencies in original affidavit that statements were not made on personal knowledge and that attached documents had not been properly authenticated); see generally 10A C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2721 at 40 (1983). Indeed, the Federal Rules expressly contemplate the filing of supplemental affidavits. Rule 56(e), Fed. R. Civ. P. (providing that the court "may permit an affidavit to be supplemented . . . by additional affidavits").

Recently, the District Court for the Northern District of Illinois confronted an issue not materially dissimilar from that presented by Defendant's motions to strike – *i.e.*, whether an affidavit can satisfy 28 U.S.C. § 1746 if it lacks the statutory "under penalty of perjury" language, but does contain some kind of reformulating or paraphrasing of that language. Trapaga v. Central States Joint Board Local 10, No. 05 C 5742, 2007 WL 1017855, at *4 (N.D. Ill. Mar. 30, 2007). In that case, plaintiffs' counsel had reassured the court that he would be filing corrected affidavits, but failed to do so. Because corrected affidavits had not been filed the court was required to rule on the admissibility of the original affidavits that failed to state that they

3

were made under penalty of perjury. The court adopted a "less formalistic approach" and considered whether the language used in the affidavits suggested that the affiants were aware that, by signing them, they would be subject to penalties for perjury. Id. at *5. The court found that the affiants who signed "under penalty of the law requir[ing] everyone to tell the truth," or "under penalty of the law for telling the truth," appeared to be aware of the general concept of perjury, including that the affiant was required to tell the truth and that there would be legal consequences for making a false statement. Thus, the court considered these particular affidavits in ruling on the motion for summary judgment.

Here, Plaintiffs have sought leave to file supplemental declarations in an attempt to cure one of the deficiencies in their earlier affidavits. This was clearly the approach that the court in Trapaga would have preferred counsel to have followed. Plaintiffs' motion is not an untimely attempt to file a sur-reply, as argued by Defendant (although the Court notes that the proper procedure for filing a sur-reply brief is to seek leave of court. See Bayway Refining Co. v. Oxygenated Marketing and Trading A.G., 215 F.3d 219, 227 (2d Cir. 2000)). As for Defendant's argument that the new declarations do nothing to alter the inadmissibility of the expert reports, that is an argument that the Court will address when it rules on the motions to strike. The Court emphasizes that this ruling on Plaintiffs' motion for leave to file corrected declarations is not a ruling on the merits of motions to strike.

Thus, the Court will grant Plaintiffs' motion for leave to file the corrected declaration of Howard Jordi. As to the corrected declarations of Lamoureux and Sanchez, as Defendant points out, their declarations reference affidavits dated June 19, 2010, whereas the attached affidavits are dated July 19, 2010. Presumably this was a clerical error. Without further motion, the Court

4

will grant Plaintiffs leave to file amended, corrected declarations of Lamoureux and Sanchez within 10 days of the date of this ruling. If nothing further is filed by that date, the Court will rule on the motions to strike based on the original affidavits submitted by Lamoureux and Sanchez.

Accordingly, Plaintiffs' Motion for Leave to File Corrected Declarations [Doc. # 525] is GRANTED to the following extent: the declaration of Jordi is hereby deemed filed. Plaintiffs are granted leave to file within 10 days of the date of this ruling amended declarations of Lamoureux and Sanchez referencing the correct affidavits. No further motions to strike need to be filed addressed to these amended affidavits. The Court will consider the pending motions to strike as soon as the amended declarations of Lamoueux and Sanchez are filed or after 10 days, if amended declarations are not filed.

SO ORDERED, this   22nd   day of September, 2010, at Bridgeport, Connecticut.

   /s/ *William I. Garfinkel*   
WILLIAM I. GARFINKEL
United States Magistrate Judge