UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY A. LAMOUREUX,<br>RICHARD A. TERWILLIGER,<br>WORLD WIDE MEDICAL TECHNOLOGIES, LLC,<br>ADVANCED CARE MEDICAL, INC.,<br>ADVANCED CARE PHARMACY, INC.,<br>ADVANCED CARE PHARMACY LLC, and<br>IDEAMATRIX, INC.,<br><br>    Plaintiffs-Counterclaim<br>        Defendants,<br><br>    vs.<br><br>ANAZAOHEALTH CORP., f/k/a<br>GENESIS PHARMACY SERVICES, INC.,<br>d/b/a CUSTOM CARE PHARMACY,<br><br>    Defendant-Counterclaimant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   No. 3:03cv01382(WIG)<br>:<br>:<br>:<br>:<br>: |

-----------------------------------------------------------X

<u>Ruling on Defendant's Motions to Strike [Doc. ## 475 & 504]</u>

Defendant, AnazaoHealth Corporation, has filed two motions to strike directed at affidavits and documents submitted by Plaintiffs in support of their motion for summary judgment and in opposition to Defendant's motion for summary judgment. The first motion [Doc. # 475] asks the Court to strike the following material filed in support of Plaintiffs' motion for summary judgment:

- The expert witness report of Peter Sanchez (Exhibit B);

- The expert witness report of Gary Lamoureux (Exhibit D);

- The addendum to the expert report of Gary Lamoureux (Exhibit E);

- The curriculum vitae of Howard C. Jordi, Ph. D. (Exhibit F);

1

- The July 14, 2003 letter from Howard Jordi (Exhibit H); and

- The supplemental expert report of Howard Jordi.

With the Court's permission, Plaintiffs have filed corrected declarations for Sanchez, Jordi, and Lamoureux.

The second motion [Doc. # 504] asks the Court to strike the following material filed by Plaintiffs in opposition to Defendant's motion for summary judgment:

- The affidavit of Richard A. Terwilliger (Tab 5, Exhibit G);

- The affidavit of Matthew Bouffard (Tab 5, Exhibit H);

- The affidavit of Wayne Richardson (Tab 5, Exhibit V); and

- The document attached as Exhibit S to Tab 5.

For the reasons set forth below, Defendant's motions will be granted in part and denied in part.

Discussion

"The principles governing admissibility of evidence do not change on a motion for summary judgment." Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997); see Barlow v. Connecticut, 319 F. Supp. 2d 250, 257 (D. Conn. 2004), aff'd, 148 Fed. Appx. 31 (2d Cir. 2005). Rule 56(e), Fed. R. Civ. P., provides that affidavits submitted by a party moving for summary judgment or one opposing summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. See Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). Therefore, a court may only consider admissible evidence when ruling on a motion for summary judgment. Merry Charters, LLC v. Town of Stonington, 342 F. Supp. 2d 69, 75 (D. Conn. 2004). "[A]

motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated." Spector v. Experian Info. Servs., Inc., 321 F. Supp. 2d 348, 352 (D. Conn. 2004); see Barlow, 319 F. Supp. 2d at 257.

In this case, Defendant challenges the admissibility of the expert affidavits submitted in support of Plaintiffs' motion for summary judgment on the grounds that the affidavits contain unsworn hearsay, the affiants were not qualified to offer expert opinions, some of the expert reports were prepared by counsel rather than the affiants, and the affidavits are contradicted by the affiants' deposition testimony. Defendant challenges the documents submitted by Plaintiffs in opposition to Defendant's motion for summary judgment on the grounds that the affidavits are unsworn and fail to comply with 28 U.S.C. § 1746 and that the document submitted as Exhibit S was never produced during discovery.

A.  The Expert Reports of Sanchez, Lamoureux, and Jordi

To be admissible in a summary judgment proceeding, an affidavit must be sworn to before an officer authorized to administer oaths, such as a notary public. See Pheil v. Rogers, 757 F.2d 850, 859 (7th Cir. 1985). Alternatively, under 28 U.S.C. § 1746, an unsworn declaration, which is dated and signed by the declarant "under penalty of perjury," and verified as "true and correct," may be used in lieu of a sworn affidavit.

Section 1746 of Title 28 provides in relevant part:

Whenever, under any law of the United States or under any rule, regulation, order or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken

> before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> . . . .
> (2) If executed within the United States . . .: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

The original expert reports of Sanchez, Lamoureux, and Jordi, attached to Plaintiffs' motion for summary judgment, clearly were not admissible in that they were not sworn to nor did they meet the requirements of 28 U.S.C. § 1746. See Provident Life & Accident Ins. Co. v. Goel, 274 F.3d 984, 1000 (5th Cir. 2001); Maytag Corp. v. Electrolux Home Prods. Inc., 448 F. Supp. 2d 1034, 1063-64 (N.D. Iowa 2006). Indeed, the Lamoureux report was not even signed or dated.

To cure these defects, Plaintiffs submitted affidavits, incorporating the expert reports and other documents, and essentially reaffirming the statements and opinions set forth in the original reports. The affidavits stated that they were "[s]ubscribed under penalties of false statement," dated, and signed. This statement, however, did not comply with the requirements of section 1746. Accordingly, Plaintiffs moved to file corrected declarations, which the Court granted, attempting once again to comply with the requirements of section 1746 by stating that the affiant declares "under penalty of perjury that the foregoing [attached affidavit] is true and correct." See Capobianco v. City of New York, 422 F.3d 47, 55 (2d Cir. 2005) (holding that unsworn letters from an expert are inadmissible hearsay but suggesting that this defect could have been cured by the party's obtaining a sworn affidavit reiterating what was in the letters); Maytag Corp., 448 F.

Supp. 2d at 1064 (holding that a deficiency in an unsworn expert report may be cured by providing a subsequent affidavit or deposition testimony adopting or reaffirming the opinions in the expert report). The Court finds that these affidavits substantially comply with the requirements of 28 U.S.C. § 1746, and, therefore, the Court rejects Defendant's contention that they were "unsworn." See LeBoeuf, Lamb, Greene & MacRae, LLP v. Worsham, 185 F.3d 61, 65-66 (2d Cir. 1999) (accepting affidavit that substantially complied with the requirements of 28 U.S.C. § 1746).

Defendant also challenges the admissibility of these expert reports on the ground that the affiants were not competent to testify to the matters set forth in the affidavits.

With respect to Sanchez, Defendant maintains that he is not qualified to testify as an expert witness on infringement issues because he lacks the requisite "scientific, technical or other specialized knowledge." See Fed. R. Evid. 702. Sanchez is a Certified Medical Dosimetrist with 34 years of hands-on experience in the field of brachytherapy. He is clearly qualified to testify to the field of the invention (§ III.A.), his experience with the World Wide pre-loaded, pre-plugged needles (§ III.B.), and his experiences with prior treatment methods (§ III.C.). The only issue is whether he is competent to offer an expert opinion as to whether the AnazaoHealth needles, with which he is familiar, utilize the advances of the World Wide brachytherapy needles, including those advances asserted in specific claims of the '760 Patent (§ III.E.).[1] The Court finds that he is not competent to offer such an opinion. In fact, Sanchez testified that he did not know what some of the words in the claims meant and he could not explain the basis for his conclusions that the AnazaoHealth product made use of the advances and inventions asserted in many of the

---

[1] His report does not include a section III.D.

claims of the '760 Patent (Sanchez Dep. at 186-91).  Thus, the Court will strike section III.E. from Sanchez's expert witness report, attached as Exhibit B to Plaintiffs' motion for summary judgment.

To the extent that Defendant challenges Sanchez' report on the ground that there are some discrepancies between his affidavit and his deposition testimony, those discrepancies are not direct contradictions.  Thus, they affect the weight of the evidence and the witness's credibility, not the admissibility of the affidavit.  See Palazzo v. Corio, 232 F.3d 38, 43-44 (2d Cir. 2000);  Tippens v. Celotex Corp., 805 F.2d 949, 953 (11th Cir. 1986); cf. Plainville Elec. Prods. Co. v. Bechtel Bettis, Inc., No. 3:06cv920, 2009 WL 801639, at *7 (D. Conn. Mar. 26, 2009) (striking portions of affidavit that were direct contradictions of prior deposition testimony).

Defendant also challenges the matrix set forth in the addendum to the Lamoureux report, in which Lamoureux reviews each of the claims allegedly infringed by Defendant and indicates whether that claim is contained in Defendant's needle assembly.[2]  The Court agrees that section II of the addendum should be stricken.  While an expert's opinion "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact," Fed. R. Evid. 704(a), "[w]hen an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.  When this occurs, the expert acts outside his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination."  United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994); Feinberg v. Katz, No. 01 Civ. 2739, 2007 WL 4562930, at *8 (S.D.N.Y. Dec.

---

[2] To the extent that Defendant challenges Lamoureux's competence as an expert witness, see Def.'s Mem. in Opp'n to Mot. for Summ. J. at 10 n.8, that issue has already been addressed by this Court in its Ruling on Pending Motions dated April 30, 2009 [Doc. # 409].

21, 2007). Lamoureux's conclusory opinions set forth in the matrix in the form of a "yes" or "no" answer will not assist the trier of fact to determine a factual dispute in issue. Rule 702, Fed. R. Evid. also requires that any such opinion must be based upon sufficient facts or data to which the expert has applied reliable principles and methods. Fed. R. Evid. 702. Here, Lamoureux provides no facts or analysis to support his conclusion. Therefore, this section of the addendum should be stricken. See generally Arthur A. Collins, Inc. v. Northern Telecom, Ltd., 216 F.3d 1042, 1046 (Fed. Cir. 2000) (holding that it is well-settled that an expert's unsupported conclusion on the ultimate issue of infringement is insufficient to raise a genuine issue of material fact); Zelinski v. Brunswick Corp., 185 F.3d 1311, 1317 (Fed. Cir. 1999) (holding that conclusory expert declarations devoid of facts upon with the conclusions were reached do not raise a genuine issue of material fact); Phillips Petroleum Co. v. Huntsman Polymers Corp., 157 F.3d 866, 876 (Fed. Cir. 1998) (rejecting conclusory expert declarations, devoid of facts upon which the affiant's conclusion were reached, that a particular claim limitation was found in the accused device).

Defendant also asks the Court to strike the curriculum vitae ("CV") of Jordi (Exhibit F to Plaintiffs' motion for summary judgment), his report (Exhibit H), and his supplemental report (Exhibit I) as inadmissible hearsay. As noted above, Plaintiffs have since filed a declaration and affidavit of Jordi, reaffirming and incorporating these three exhibits. Jordi's CV was marked as an exhibit to his deposition, where he was thoroughly examined on his background, education, training, qualifications, and work experience. The Court finds that Jordi's CV may properly be considered in ruling on the motions for summary judgment. See Medtronic Xomed, Inc. v. Gyrus ENT, LLC, 440 F. Supp. 2d 1300, 1310 n.6 (M.D. Fla. 2006).

Likewise, Jordi's two reports were produced at his deposition and marked as exhibits. He was questioned extensively about these reports. The fact that Jordi was questioned about these reports at his deposition might not have cured the admissibility problems. See Cornell Research Foundation, Inc. v. Hewlett-Packard Co., No. 5:01-CV-1974, 2007 WL 4349135, at *19 (N.D.N.Y. Jan. 31, 2007), adopted by 2007 WL 2791120 (N.D.N.Y. Sept. 24, 2007) (holding that the greater weight of authority holds that an unsworn expert report constitutes inadmissible hearsay even if it have been fully disclosed and the opposing side has had an adequate opportunity to depose the expert regarding his opinions). Plaintiffs, however, have now attached these reports to Jordi's sworn declaration, wherein he reaffirmed his opinions set forth in the reports. Numerous courts have held that the subsequent verification or reaffirmation of an unsworn expert report cures the admissibility defect. See Id.; Maytag Corp., 448 F. Supp. 2d at 1064; Kidder Peabody & Co. v. IAG Int'l Acceptance Group N.V., 28 F. Supp. 2d 126, 130 (S.D.N.Y. 1998), aff'd, 205 F.3d 1323 (2d Cir. 1999); Gache v. Town of Harrison, 813 F. Supp. 1037, 1052 (S.D.N.Y. 1993). Particularly here, where the reports were produced well over a year ago and Defendant had ample opportunity to depose Jordi concerning them, the Court can discern no undue prejudice to Defendant in allowing Plaintiffs to cure the defects in their admissibility by submitting them as exhibits to a sworn declaration. The Court denies Defendant's motion to strike these exhibits. The Court, however, will strike the first sentence of the second paragraph of Jordi's supplemental expert report,[3] which involves his construction of the '760 Patent. Jordi is a materials analyst and has no special expertise in the field of patent law

---

[3] That sentence reads, "The AnazaoHealth needles utilize the advances of the Worldwide brachytherapy needles, specifically including the advances and features noted in the Worldwide Patent 6,554,760 ("the '760 patent")." (Jordi Supp. Expert Report at 1).

that would qualify him as an expert to opine on whether Defendant's product infringes the '760 Patent. See Fed. R. Evid. 702; Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993).

Defendant also complains that Jordi's affidavit attempts to further qualify and amend his supplemental report by re-casting his opinion into six enumerated sub-paragraphs. (Def.'s Reply Mem. at 4). Although the statements in Jordi's affidavit are not identical to the statements in his expert report, they do not differ substantially and, therefore, will not be stricken. See In re Stand 'N Seal Products Liability Litigation, 623 F. Supp. 2d 1355, 1362, 1365 (N.D. Ga. 2009); Rowe Int'l Corp. v. Ecast, Inc., 586 F. Supp. 2d 924, 935 (N.D. Ill. 2008).

B.  The Affidavits of Terwilliger, Bouffard, and Richardson

As Defendant correctly points out, the original affidavits of Terwilliger, Bouffard and Richardson filed in opposition to Defendant's motion for summary judgment were not admissible in that they did not comply with the requirements of 28 U.S.C. § 1746 for unsworn declarations made under penalty of perjury. Plaintiff has responded with a declaration of each of the affiants, declaring under penalty of perjury that the statements contained in his affidavit, attached thereto, are true and correct. The affidavits themselves further provide that they are made on personal knowledge. See Fed. R. Civ. P. 56(e); Fed. R. Evid. 602; Beyah v. Coughlin, 789 F.2d 986, 989-990 (2d Cir 1986). These declarations satisfy the requirements of section 1746. See LeBoeuf, 185 F.3d at 65-66 (accepting affidavit that substantially complied with the requirements of 28 U.S.C. § 1746). Thus, the objection raised by Defendant to the admissibility of these affidavits has been cured. See New York State Energy Research and Dev. Auth. v. Nuclear Fuel Servs., Inc., 561 F. Supp. 954, 960 (W.D.N.Y. 1983).

Defendant raises no other challenge to the admissibility of these affidavits. Accordingly,

the motion to strike the affidavits of Terwilliger, Bouffard, and Richardson is denied.

C.  Exhibit S to Tab 5 of Plaintiffs' Rule 56(a)2 Statement

Defendant moves to strike the document attached as Exhibit S to Tab 5 of Plaintiffs' Rule 56(a)2 Statement because this document was never produced in discovery.  The document is represented to be an excerpt of U.S. Military Standard GG-N-196, showing the dimensions of needles.  Plaintiffs have not responded to this argument.

Because this document has not been properly authenticated by way of an affidavit, it will be stricken.  See Barlow, 319 F. Supp. 2d 257.

## Conclusion

Accordingly, for the reasons set forth above, Defendant's Motion to Strike [Doc. # 475] is granted to the extent that the Court will strike section III.E. from Sanchez's affidavit, section II of the addendum to Lamoureux's expert report, and the first sentence of the second paragraph of Jordi's supplemental report. In all other respects the motion to strike is denied.  The Court will also grant in part Defendant's Motion to Strike [Doc. # 504] to the extent that the Court will strike the unauthenticated document at Tab 5, Exhibit S, to Plaintiffs' Rule 56(a)2 statement.  In all other respects, Defendant's motion to strike is denied.

SO ORDERED, this    18th   day of November, 2010, at Bridgeport, Connecticut.


   /s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge