UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY A. LAMOUREUX,<br>RICHARD A. TERWILLIGER,<br>WORLD WIDE MEDICAL TECHNOLOGIES, LLC,<br>ADVANCED CARE MEDICAL, INC.,<br>ADVANCED CARE PHARMACY, INC.,<br>ADVANCED CARE PHARMACY LLC, and<br>IDEAMATRIX, INC., | :<br>:<br>:<br>:<br>: |
|     Plaintiffs-Counterclaim<br>        Defendants, | :<br>:   No. 3:03cv01382(WIG) |
|     vs. | : |
| ANAZAOHEALTH CORP., f/k/a<br>GENESIS PHARMACY SERVICES, INC.,<br>d/b/a CUSTOM CARE PHARMACY, | :<br>: |
|     Defendant-Counterclaimant. | : |

-------------------------------------------------------------X

RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION [DOC. # 546]

    Following the Court's issuance of its Ruling on the parties' cross-motions for summary judgment, Defendant has moved for reconsideration of that portion of the Ruling denying Defendant's motion for summary judgment as to Plaintiffs' false advertising claim under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

    As Defendant acknowledges, the standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on matters that have already been fully considered by the court. *Shrader v. CSX Transp.*, *Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be

1

expected to alter the conclusion reached by the court." *Id.* Consequently, the function of a motion for reconsideration is "to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (internal citations and quotation marks omitted), *aff'd,* 33 F.3d 50 (2d Cir. 1994); *see also Applera Corp. v. MJ Research, Inc.*, 404 F. Supp. 2d 422, 424 (D. Conn. 2005) (same). Thus, a party moving for reconsideration must demonstrate newly discovered facts exist that require consideration, an intervening change in the law, or the need to correct clear error or prevent manifest injustice. *Metro. Entm't Co. v. Koplik*, 25 F. Supp. 2d 367, 368 (D. Conn. 1998). It is this last ground for reconsideration on which Defendant relies.

Defendant maintains that the Court addressed only one of two causes of action under section 43(a) of the Lanham Act. More specifically, Defendant asserts that in their complaint Plaintiffs asserted claims for false designation of origin and false advertising under section 43(a) of the Lanham Act. Defendant moved for summary judgment as to each, but the Court's ruling addressed only Plaintiffs' claim for false designation of origin and failed to address Plaintiffs' false advertising claim.

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1) provides in pertinent part:

> Any person who, in connection with any goods . . . uses in commerce . . . any false designation of origin . . . which — (A) is likely to cause confusion . . . as to the origin . . . of his or her goods, or (B) in commercial advertising or promotion, misrepresents the . . . graphic origin of his or her or another person's goods . . . shall be liable in a civil action to any person who believes that he or she is likely to be damaged by such act.

Subsection (a)(1)(A) creates, *inter alia*, a "false designation of origin" cause of action, while subsection (a)(1)(B) creates a "false advertising" action. *Milso Indus. Corp. v. Nazzaro*, No.

3:08cv1026, 2012 WL 3778978, at *17 (D. Conn. Aug. 30, 2012). Although the statute creates two separate causes of action, there is nothing in the statute or case law that prohibits a plaintiff from relying on the same evidence and arguments with respect to both, *id* at *20, which is what Plaintiffs did in this case. Indeed, the Second Circuit has held that "the use of a photograph of another's product to advertise one's own gives rise to two potential grounds for liability under Section 43(a). First, one who engages in such action may be guilty of false representation if the product pictured is not identical to the one he is prepared to deliver. Second, he may be vulnerable to a charge of false designation of origin if the features pictured in the photograph are non-functional and have acquired the secondary meaning necessary to indicate origin to the typical consumer." *Eckel Indus., Inc. v. Perma Tech, Inc.*, 131 F.3d 130, 1997 WL 768362 (2d Cir. 1997) (Table) (internal quotation marks and citations omitted).

  Count III of Plaintiffs' Corrected First Amended Complaint (hereinafter "complaint") is entitled "False Designation of Origin/False Advertising," the precise title that the Court used in its ruling on Defendant's motion for summary judgment as to Count III. Without separating its claims for false designation of origin and false advertising, Plaintiffs allege, *inter alia*, that Defendant knowingly used images of Plaintiffs' pre-plugged brachytherapy needles, without Plaintiffs' authorization and after their relationship had terminated, in advertisements for Defendant's own pre-plugged needle products and services. They further allege that Defendant misrepresented in its commercial advertising and promotion the nature, characteristics and qualities of its pre-plugged needle products and needle assemblies, the materials used therein, the procedures used for sterilization, and other such misrepresentations as to its products and services in violation of Section 43(a) of the Lanham Act.

Defendant asserts that Plaintiffs' false advertising claim relates solely to the statements allegedly made by Defendant and set forth in paragraph 20 of the complaint, specifically (1) that Defendant was not required to have FDA marketing approval for its products; (2) that Defendant's materials and procedures were safe and effective in accordance with industry standards; and (3) that Defendant's pre-plugged needles did not infringe the '760 Patent.  But, the Court does not read Plaintiffs' false advertising claim that narrowly.  In fact, nothing in Count III limits Plaintiffs' false advertising claim to the statements made in paragraph 20 of the complaint. Count III incorporated all preceding paragraphs of Plaintiffs' complaint, paragraphs 1 through 30. It also included separate factual allegations relating solely to the alleged Lanham Act violations (Pls.' Comp. ¶¶ 32-35).   For example, Plaintiffs claim that Defendant used images of their loaded pre-plugged needle in its advertising, such as on its website and elsewhere, in advertising its own capabilities to provide kits of loaded, pre-plugged needles for brachytherapy applications (Pls.' Comp. ¶¶ 19, 32), and produced evidence of such advertisements.  They also produced evidence that Defendant was concerned about the weaknesses in its own product, including the appearance of its product, and that their product was superior.   After a consideration of all of the evidence advanced in support and in opposition to Defendant's motion for summary judgment on Count III, and drawing all reasonable inferences in favor of Plaintiffs as the non-moving party, the Court found genuine issues of material fact and denied Defendant's motion for summary judgment as Plaintiffs' claims for violations of the Lanham Act.

While it might have been clearer for the Court to consider separately the two theories of recovery under section 43(a) of the Lanham Act, as Defendant presented them, the Court finds no basis for reconsidering its prior Ruling.  The Court did not fail to address the false advertising

claim.  Instead, it considered both of the claims together, as they had been presented in Plaintiffs' complaint.  Reconsideration of this ruling is not required to correct clear error or prevent manifest injustice.

Accordingly, the Court denies Defendant's motion for reconsideration.

SO ORDERED, this ___20th___ day of March, 2013, at Bridgeport, Connecticut.

    ___/s/ *William I. Garfinkel*___
    WILLIAM I. GARFINKEL
    United States Magistrate Judge